UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE STINER, | ) CASE NO. 1:24-cv-00146 |
| Plaintiff, | ) JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

Before the Court is the Report and Recommendation submitted by Magistrate Judge James E. Grimes ("R&R") recommending the Commissioner's decision be affirmed.  (Doc. 12.) Plaintiff Christine Stiner ("Plaintiff") filed objections (Doc. 13), and Defendant Commissioner of Social Security ("Defendant") responded.  (Doc. 14.)

For the following reasons, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner is AFFIRMED.

I.  **BACKGROUND**

A.  **The Record Before the ALJ**

Plaintiff does not object to the factual record and procedural history in the R&R.  (*See* Doc. 13; Doc. 12 at 904-11.)[1]  Notwithstanding, the Court summarizes the facts pertinent to evaluating Plaintiff's objections as follows.

In December 2020, Plaintiff contracted COVID-19.  (Doc. 12 at 905.)  In January 2021, she was diagnosed with dyspnea and "post COVID syndrome."  (*Id.*)  At the same time, Plaintiff exhibited persistent coughing, fatigue, diarrhea, recent onset of diabetes, and brain fog.  (*Id.*)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

She also complained of shortness of breath with talking or exertion, though a cardiac evaluation did not reveal any specific concerns. (*Id.*)

In May 2021, Plaintiff was treated for complaints of cramping and fecal urgency, often after eating. (*Id.*) Two months later, she was diagnosed with hypertension, non-insulin dependent diabetes mellitus, morbid obesity, and trigeminal neuralgia. (*Id.* at 906.) In September 2022, Plaintiff was treated for pain in her lower chest and back. (*Id.* at 907.) At that time, she received differential diagnoses, including "pulmonary embolism, pneumonia, congestive heart failure, [] viral syndrome, and COVID-19." (*Id.*) Plaintiff was admitted and diagnosed with shortness of breath, pulmonary embolus and tachycardia. (*Id.*) In November 2022, Plaintiff exhibited normal blood pressure, no increased effort when breathing, and no edema. (*Id.* at 908.) Her physician concluded she was "doing well from a pulmonary perspective." (*Id.*)

State agency consultants assessed Plaintiff's residual functional capacity ("RFC") and found she could "perform light exertion work but that she was limited to frequently using her" right foot for "foot controls but never climbing ladders, ropes or scaffolds, frequently climbing ramps and stairs and occasionally stooping, kneeling, crouching, and crawling." (*Id.*) The consultants did not find Plaintiff had any activity restrictions. (*Id.*) A qualified vocational expert described her past work as "a sedentary semi-skilled position." (*Id.* at 910.) Plaintiff could perform her past work as an appointment clerk, as well as jobs like cashier, deli cutter/slicer, and production assembler. (*Id.*) But if Plaintiff required two to four additional restroom breaks, she would be unable to maintain employment. (*Id.*)

At a hearing on her disability benefits application, Plaintiff described how her symptoms and diagnoses affect her daily activities. (*Id.* at 909.) Since contracting COVID-19 in late 2020,

2

she has been unable to climb stairs, leave the house alone, or hold lengthy conversations.  (*Id.* at 909-10.)  Plaintiff relies on a nebulizer and cane on a daily basis and now wears adult diapers.  (*Id.* at 909.)  Plaintiff has trouble dressing, cooking, and washing dishes.  (*Id.*)  She no longer engaged in certain social activities.  (*Id.* at 909-10.)

The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments including: essential hypertension, valvular heart disease, cardiac dysrhythmia, respiratory disorder (obstructive sleep apnea and dyspnea related to hypertension), diabetes mellitus, and obesity.  (*Id.* at 911.)  The ALJ also concluded these impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P.  (*Id.*)  Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b).  (*Id.*)  She is also able to perform past relevant work.  (*Id.* at 912.)  In sum, the ALJ concluded Plaintiff has not been under a disability as defined in the Social Security Act during the relevant period.  (*Id.*)

### B.  Procedural History

In February 2021, Plaintiff applied for disability insurance benefits, alleging a disability onset in November 2020.  (*Id.* at 904.)  In March 2021, she applied for social security income, again alleged a disability onset in November 2020.  (*Id.*)  In her application, Plaintiff alleged disability related to shortness of breath, heart palpitations, blood pressure, gastroesophageal reflux disease, edema, pink eye, and diabetes.  (*Id.*)  The Commissioner denied Plaintiff's application initially and on reconsideration.  (*Id.*)

In January 2023, Plaintiff appeared and testified, with the assistance of counsel, at a telephonic hearing before an ALJ.  (*Id.*)  In March 2023, the ALJ issued a written decision finding Plaintiff was not entitled to benefits.  (*Id.*)  In April 2023, Plaintiff appealed the ALJ's

decision. (*Id.*) In December 2023, the Appeals Counsel denied her appeal, making the ALJ's decision the final decision of the Commissioner. (*Id.*)

Plaintiff commenced this action on January 25, 2024. (Doc. 1.) On April 22, 2024, she filed her brief on the merits. (Doc. .8) On June 5, 2024, Defendant filed its brief on the merits. (Doc. 10.) Plaintiff timely replied on June 14, 2024. (Doc. 11.) The Magistrate Judge issued his R&R on August 16, 2024. (Doc. 12.) Plaintiff timely objected on August 30, 2024. (Doc. 13.) On September 13, 2024, Defendant filed a response to Plaintiff's objections. (Doc. 14.)

## II. STANDARD OF REVIEW

A district court "shall make a de novo determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1, 1994 U.S. App. LEXIS 35044 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). In making a disability

4

determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled. To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).

During the first four steps, the claimant bears the burden of proof. *Walters*, 127 F.3d at 529. The "burden shifts to the Commissioner only at step five." *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

5

support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 WL 799749, at *1, 2000 U.S. App. LEXIS 24244 (6th Cir. 2000) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

### III. ANALYSIS

#### A. Plaintiff's First Objection: Whether the ALJ Properly Addressed Inconsistencies Between Testimony and Other Evidence

Plaintiff asserts that the ALJ did not properly address inconsistencies between her testimony and other record evidence. (Doc. 13 at 922.) She argues the R&R allowed "conclusory generalizations and/or an ALJ's mischaracterization of the evidence" to satisfy 20 C.F.R. § 404.1529(c)(4), 416.929(c)(4)'s requirements (*Id.*) To Plaintiff, her undiagnosed fecal urgency and need to wear diapers do not constitute inconsistencies between her testimony and other evidence. (*Id.*)

Section 404.1529(c)(2) provides that ALJs will not "reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the objective medical evidence does not substantiate your

6

statements." ALJs must "consider all of the available evidence," including a claimant's "statements about the intensity, persistence and limiting effects of your symptoms." 20 C.F.R. § 404.1529(c)(4). In accordance with these regulations, the Sixth Circuit held "[s]ubjective complaints of pain or other symptoms may support a claim of disability." *Blankenship v. Bowen*, 874 F.3d 1116, 1123 (6th Cir. 1989). Even so, "these complaints must be evidenced by an underlying medical condition, and there must be either objective medical evidence confirming the severity of the alleged pain, or there must be an objectively determined medical condition of a severity which can reasonably be expected to give rise to that pain." *Id.* (citing *McCormick v. Sec'y of Health & Hum. Servs.*, 861 F.3d 998, 1003 (6th Cir. 1988) and *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.3d 847 (6th Cir. 1986)); *see also Cohen v. Sec'y of Dep't of Health & Hum. Servs.*, 964 F.2d 524, 529 (6th Cir. 1992) (a claimant "may rely in part on her own testimony *in combination with* objective medical evidence in order to establish that she is disabled") (emphasis in original).

  The record reflects that the ALJ considered Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms, including fecal urgency and her reliance on adult diapers. (*See* Doc. 7 at 60 (discussing Plaintiff's stool and diarrhea); *id.* at 62 (discussing fecal urgency and a differential diagnosis of irritable bowel syndrome); *id.* at 63 (discussing fecal urgency); *id.* at 65 (noting "consistent with claimant's testimony, the gastroenterology specialist she sees has not offered a final diagnosis to explain her symptoms of fecal urgency"). The ALJ explicitly considered both Plaintiff's records showing fecal urgency *and* the absence of "any objective documentation of her allegations that she must wear diapers and is unable to make it to the bathroom." (*Id.* at 65.) *See also Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) (an "ALJ can consider all the evidence without directly addressing in his written

decision every piece of evidence submitted by a party"). Because the ALJ considered Plaintiff's subjective symptoms in addition to the objective medical evidence on the record, Plaintiff's first objection is overruled.

      **B. Plaintiff's Second Objection: Whether the ALJ Properly Excluded Certain Limitations from the RFC**

Plaintiff argues the ALJ failed to include restrictions for climbing stairs, standing limitations, and additional bathroom breaks in her RFC. (Doc. 13 at 923.) To Plaintiff, the R&R compounded this error by misapplying her burden of proof and requiring her to "point to a medical opinion which assesses particular restrictions" at the second step of the RFC analysis. (*Id.*) Plaintiff argues her subjective allegations are enough to warrant including these limitations in her RFC. (*Id.*)

"The residual functional capacity determination is expressly reserved for the Commissioner." *Ford v. Comm'r of Soc. Sec.*, 114 Fed. App'x 194, 198 (6th Cir. 2004) (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546). As such "there is no legal requirement for an ALJ to explain each limitation or restrict he adopts, or conversely, does not adopt[.]" *Smith v. Comm'r of Soc. Sec.*, No. 5:11-cv-2104, 2013 WL 1150133, at *11, 2013 U.S. Dist. LEXIS 40277, at *31 (N.D. Ohio Mar. 19, 2013); *see also Alvarado v. Colvin*, No. 3:15-cv-102, 2016 WL 825654, at *6, 2016 U.S. Dist. LEXIS 27111, at *13 (N.D. Ohio Mar. 3, 2016) (holding "substantial evidence supports the omission" of a limitation from the RFC where there was no evidence besides a rejected medical opinion and the claimant's statements to support the limitation).

The ALJ's multi-page analysis of Plaintiff's medical record and subjective symptoms show there is substantial evidence supporting the decision to omit certain limitations from the RFC. (Doc. 7 at 58-66.) The R&R did not require Plaintiff to produce a medical opinion showing she is restricted from climbing stairs, cannot stand for extended periods, or requires

8

extra bathroom breaks. Instead, the R&R observed the absence of certain restrictions in the ALJ's determination does not render the entire analysis unsupported by substantial evidence. (Doc. 12 at 919 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)).)

The R&R recommended the Commissioner's decision not be disturbed. This Court agrees. Plaintiff's second objection is overruled.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner is AFFIRMED. This case is DISMISSED.

**IT IS SO ORDERED.**

**Date:** February 13, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE